IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE INSURANCE CO. and | : | CIVIL ACTION |
| ALLSTATE PROPERTY & | : | |
| CASUALTY INSURANCE CO., | : | |
|     Plaintiffs, | : | |
|                     v. | : | |
| | : | |
| MANILLA, et al., | : | |
|     Defendants. | : | NO. 11-5102 |

**MEMORANDUM RE: MOTION TO DISMISS**

**Baylson, J.**                                                                                                    **April 20, 2012**

**I.      Introduction**

Plaintiffs Allstate Insurance Company and Allstate Property and Casualty Insurance Company (collectively, "Plaintiffs") brought this declaratory judgment action, pursuant to 28 U.S.C. § 2201, over the terms of a homeowners insurance policy.  Defendant Theresa Lynn Groh ("Ms. Groh") filed a Motion to Dismiss (ECF No. 9), asking the Court to decline to exercise its discretionary jurisdiction over the case, arguing that there are no federal law issues and a parallel state court action is the better forum to decide the Pennsylvania law issue.  For the reasons that follow, the Court will grant the Motion and dismiss the case.

**II.     Factual and Procedural Background**

The case traces back to November 29, 2010, when Defendant David Manilla shot and killed Barry Groh, Ms. Groh's late husband, while hunting.  See generally Bucks County Wrongful Death Complaint, Compl. Ex. C.  Ms. Groh, individually and as Administratrix of her late husband's estate, filed a Complaint in the Court of Common Pleas of Bucks County, Pennsylvania, asserting wrongful death and survival actions against Mr. Manilla ("Bucks County

1

Action"). Compl. ¶ 8. At the time of the incident, Mr. Manilla was the named insured under Plaintiff Allstate Insurance Company's Deluxe Plus Homeowners Policy and his mother, Vivian Manilla, was the named insured under Plaintiff Allstate Property and Casualty Insurance Company's Homeowners Policy. Compl. ¶¶ 5-7. Plaintiffs then filed the present action against David and Vivian Manilla, asking this Court to declare that under certain exclusionary provisions of the respective Homeowners Policies,[1] they are not required to defend or indemnify Mr. Manilla for the claims Ms. Groh asserted in the Bucks County Action. Compl. at 6. Ms. Groh filed an uncontested Motion to Intervene on February 16, 2102, which this Court granted the following day (ECF No. 8). On March 12, 2012 Ms. Groh filed a declaratory judgment action in the Court of Common Pleas of Bucks County, asking that court to decide the same issues before this Court in the current action. Pls. Br. at 2; Bucks County Declaratory Judgment Complaint, Ex. A to Def. Reply Br.

**III.    Discussion**

    **A.    The Declaratory Judgment Act**

The Declaratory Judgment Act grants federal district courts jurisdiction "to declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a). The Act is somewhat unique, however, in that district courts have discretion whether or not to exercise that jurisdiction. Id. (providing that a court "may" declare such rights and legal relationships); Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942); Wilton v. Seven Falls Co., 515 U.S. 277, 287-88 (1995) ("In the declaratory judgment context, the normal

---

[1] Both policies purport to exclude coverage for "bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person." Compl. ¶¶ 13-15.

principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."); State Auto. Ins. Cos. v. Summy, 234 F.3d 131, 133 (3d Cir. 2000) ("The [Supreme] Court [in Brillhart] emphasized that the jurisdiction conferred by the Act was discretionary, and district courts were under no compulsion to exercise it." (citation omitted)).  The Supreme Court has explained the rationale behind the grant of discretionary jurisdiction:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.  Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

Summy, 234 F.3d at 133 (quoting Brillhart, 316 U.S. at 495).

The Supreme Court and the Third Circuit have delineated factors district courts should weigh in deciding whether or not to exercise jurisdiction in such cases.  A critical inquiry is "whether the questions in controversy between the parties to the federal suit, and which [were] not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." Summy, 234 F.3d at 133 (quoting Brillhart, 316 U.S. at 495).  The Third Circuit has expounded three additional considerations in declaratory judgment actions regarding insurance coverage disputes:

> 1. A general policy of restraint when the same issues are pending in a state court;
>
> 2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;
>
> 3. Avoidance of duplicative litigation.

Summy, 234 F.3d at 134.  While the issue in Summy involved a matter of unsettled state law, the Third Circuit also instructed district courts to decline to exercise discretionary jurisdiction "when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." Id. at 131, 135.  The Third Circuit also cautioned district courts to

> give serious consideration to the fact that they do not establish state law, but are limited to predicting it.  This is especially important in insurance coverage cases . . . .

Id.  In Summy, the Third Circuit held that the district court did not exercise sound discretion in maintaining jurisdiction.  Id. at 131, 136.  Because an underlying state law action and declaratory judgment suit were already pending in state court, and no federal questions were presented, the Third Circuit concluded that "[j]udicial efficiency was not promoted" by exercising jurisdiction. Id. at 135.  Instead, failing to dismiss the federal court action was the sort of "vexatious and gratuitous interference with state court litigation" Brillhart condemned.  Id. at 136.  The Third Circuit also noted that it was "irrelevant that the state declaratory judgment petition was filed after its counterpart in the District Court." Id.

    **B.**    **Analysis**

This case is analogous to, and therefore dictated by, the Third Circuit's decision in Summy.  The same issue of insurance coverage is pending in state court, as is the underlying wrongful death and survival action that gave rise to the declaratory judgment actions.  As in Summy, it is of no import that Ms. Groh filed the state declaratory judgment petition after Plaintiffs filed the present action in this Court.  There are no federal issues present which might tip the scales toward exercising jurisdiction.  Permitting this case to go forward in federal court would result in duplicative litigation, unnecessarily taxing the court system and the litigants.

Dismissing the action, conversely, promotes judicial efficiency and economy. The Court finds that the state court is well positioned to decide the Pennsylvania law issue in question, in view of the state court's customary role as interpreter of state law and the fact that it is already adjudicating the underlying action.

Plaintiffs' attempts to distinguish this case from Summy are unavailing. Although unlike in Summy, Plaintiffs argue that the state law question at hand is well settled, this alone does not overcome the array of factors weighing heavily in favor of dismissal. See Atlantic Mutual Ins. Co. v. Gula, 84 F. App'x 173, 175 (3d Cir. 2003) (explaining that district court was "well within the stream of precedential authority" in remanding case despite the fact that the relevant state law was not uncertain). Although this Court may well be "perfectly capable of applying Pennsylvania state law," as Plaintiffs contend, that is not the deciding factor here. The cases Plaintiffs cite are distinguishable because they involved no pending parallel state court action or other risk of duplicative litigation. Cont'l Casualty Company v. Peerless Industries, Inc., No. 06-cv-4621, 2007 WL 2029298, at *2 (E.D. Pa. July 11, 2007); Allstate Ins. Co. v. Century Indemnity Co., No. 06-cv-4373, 2007 WL 1575012 (E.D. Pa. May 31, 2007); Haspel v. State Farm Mut. Auto. Ins. Co., No. 05-cv-1503, 2006 WL 304579, at *2 (W.D. Pa. Feb. 8, 2006).

**IV.     Conclusion**

For the above reasons, the Court declines to exercise its discretionary jurisdiction over Plaintiffs' declaratory judgment action and therefore will grant Defendant Groh's motion to dismiss. An appropriate order follows.

O:\CIVIL 11-12\11-5102 Allstate v. Manilla\Allstate v Manilla MEMO MTD.wpd